LeBLANC, Judge,
dissenting.
I respectfully dissent. The majority opinion holds as reversible error restrictions by the trial court on voir dire examination.
The defendant should be allowed to make inquiries of prospective jurors as will enable him to secure his constitutional rights by eliciting facts which show grounds for challenge. However, voir dire examination may not encompass unlimited inquiry into all possible prejudices of prospective jurors.... State v. Thomas, 589 So.2d 555, 565 (La.App. 1st Cir.1991).
The limitation enforced by the trial court consisted of excluding questions relating to family members of prospective jurors. Although, family member questions were not allowed, questions pertaining to prejudice against drug offenders or others connected with drugs were allowed. This was sufficient to identify those with a predisposition against the defendant. A review of the voir dire as a whole convinces me the defendant was afforded full and fair examination of the prospective jurors. Accordingly, the defendant failed to show he was prejudiced by the imposition of the limitation.
For the above reason, I respectfully dissent.